# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RONALD E. EGAN, M.D., | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | CIVIL ACTION |
|  | ) | NO. 13-40092-DHH |
| JOHN POLANOWICZ, | ) | |
| Secretary of the Executive Office of | ) | |
| Health and Human Services, | ) | |
| Defendant. | ) | |

## ORDER ON MOTION TO DISMISS

**October 9, 2013**

Hennessy, M.J.

Defendant John Polanowicz, in his official capacity as Secretary of the Massachusetts Executive Office of Health and Human Services, has moved to dismiss *pro se* plaintiff Ronald E. Egan's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (Docket #12). Egan did not file a written response to the motion. A hearing on the matter was held on October 9, 2013. At the hearing, Egan moved to amend the Complaint to substitute Kathleen Sebelius, Secretary of the United States Department of Health and Human Services, for Defendant John Polanowicz. Defendant John Polanowicz, in his official capacity as Secretary of the Massachusetts Executive Office of Health and Human Services, stated that he had no objection to the motion to amend. These matters are now ripe for adjudication.

For the reasons that follow, Defendant's motion to dismiss is hereby ALLOWED and Egan's motion to amend is hereby ALLOWED.

I. BACKGROUND

Egan filed his Complaint on August 5, 2013. (Docket #1). In the Complaint, he alleges that from January 1, 2005 through December 31, 2007, he examined approximately twenty home-bound patients resulting in approximately 1,545 home visitations. (Docket #1 at 2). Egan alleges that "Medicare subsequently determined that the majority of home visitations were an overpayment during [that] period of time." (Id.).

Egan attached, as exhibit 1 to his Complaint, a Notice of Decision of Medicare Appeals Council dated June 5, 2013 from the Department of Health & Human Services addressed to Egan. (Docket 1-1). The address listed on the notice for the Department of Health & Human Services is located in Washington, DC. (Id.). Citing 42 U.S.C. § 1395ff(b), the notice indicates that if the party desires court review of the Medicare Appeals Council's decision, the party may commence a civil action by filing a complaint in the United States District Court for the judicial district in which the party resides or has its principal place of business. (Docket #1-1). The notice directs the party that, if a civil action is commenced, the complaint should name the Secretary of Health and Human Services as the defendant. (Id.). The notice indicates that the Secretary must be served by sending a copy of the summons and complaint by registered or certified mail to the General Counsel, Department of Health and Human Services, 200 Independence Avenue, S.W., Washington, DC 20201. (Id.). The notice also directs the party to serve the United States Attorney for the district in which the complaint is filed and the Attorney General of the United States. (Id.).

On the civil cover sheet, which is attached as exhibit 2 to the Complaint, Egan indicated in the section "Basis of Jurisdiction" that the defendant was the U.S. Government. (Docket #1-2).

## II.     STANDARD OF REVIEW

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007). Moreover, as a *pro se* plaintiff, this Court is required to "construe liberally" Egan's Complaint. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). To survive a motion to dismiss, a plaintiff must "state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). Despite this generous standard, "Rule 12(b)(6) is not entirely a toothless tiger . . . [t]he threshold for stating a claim may be low, but it is real." Dartmouth Rev. v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989) (quotation omitted). The complaint must therefore "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988); see also DM Research, Inc. v. Coll. Of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999) (explaining that the complaint must "allege a factual predicate concrete enough to warrant further proceedings").

Although the complaint need not provide "detailed factual allegations," Twombly, 550 U.S. at 555, it must "amplify a claim with some factual allegations . . . to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157–58 (2d Cir. 2007). Thus, the complaint must provide "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Dismissal is appropriate if a plaintiff's well-pleaded facts do not "possess enough heft to show that [the] plaintiff is entitled to relief." Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

In determining whether a plaintiff has stated an actionable claim, the court "must consider the complaint, documents annexed to it, and other materials fairly incorporated within it." Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 12 (1st Cir. 2004).

III.  ANALYSIS

In his Complaint, Egan appears to seek review of a decision of the federal Medicare Appeals Council. This is bolstered by the inclusion of the Notice of Decision of Medicare Appeals Council attached as exhibit 1 to the Complaint and the indication on the civil cover sheet that jurisdiction was based on the fact that the defendant to the action was the United States Government.

Egan has failed to describe any actions taken by the Massachusetts Executive Office of Health and Human Services. Nor do the exhibits to his Complaint indicate any action by the Massachusetts Executive Office of Health and Human Services. It appears that Egan has

mistakenly named the Secretary of the Massachusetts Executive Office of Health and Human Services as a defendant instead of the Secretary of the Federal Department of Health and Human Services. Thus, there is no basis for a claim against the defendant John Polanowicz, in his official capacity as Secretary of the Massachusetts Executive Office of Health and Human Services.

Egan now seeks to amend his Complaint to substitute Kathleen Sebelius, Secretary of the United States Department of Health and Human Services, for Defendant John Polanowicz. A plaintiff may amend its complaint with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. While he did not provide written consent, at the hearing on the motion to dismiss, Defendant stated that he would not object to a motion to amend. The Court finds that justice requires allowance of the motion to amend. Although the Court has allowed the motion to amend, Egan must still comply with the directives given in the Notice of Decision of Medicare Appeals Council attached as Exhibit 1 to his Complaint.

IV.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is hereby ALLOWED. Egan's claims as to defendant John Polanowicz, in his official capacity as Secretary of the Massachusetts Executive Office of Health and Human Services, are dismissed with prejudice. Egan's motion to amend is hereby ALLOWED.

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE