UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD E. EGAN, M.D., <br> Plaintiff, <br><br> v. <br><br> JOHN POLANOWICZ, <br> Secretary of the Executive Office of <br> Health and Human Services, <br> Defendant. | CIVIL ACTION <br> NO. 13-40092-DHH |

ORDER ON MOTION TO DISMISS

May 8, 2014

Hennessy, M.J.

The Department of Health and Human Services ("DHHS") has moved to dismiss *pro se* plaintiff Dr. Ronald E. Egan's amended complaint under Federal Rules of Civil Procedure 12(b)(5) for insufficient service of process and 12(b)(6) for failure to state a claim upon which relief may be granted. (Docket #27). Dr. Egan has not filed a response to the motion.

For the reasons that follow, DHHS's motion to dismiss is hereby DENIED. However, the Court treats the motion to dismiss as a motion to quash in the alternative which it hereby ALLOWS.

I. BACKGROUND

Dr. Egan filed his complaint on August 5, 2013, naming as the defendant John Polanowicz, the Secretary of the Massachusetts Executive Office of Health and Human Services. (Docket #1). In the complaint, Dr. Egan alleges that from January 1, 2005 through December

31, 2007, he examined approximately twenty home-bound patients resulting in approximately 1,545 home visitations. (Docket #1 at 2). Dr. Egan alleges that "Medicare subsequently determined that the majority of home visitations were an overpayment during [that] period of time." (Id.).

Dr. Egan attached, as exhibit 1 to his complaint, a Notice of Decision of Medicare Appeals Council dated June 5, 2013 from the Department of Health & Human Services addressed to Egan. (Docket 1-1). The address listed on the notice for the Department of Health & Human Services is located in Washington, DC. (Id.). Citing 42 U.S.C. § 1395ff(b), the notice indicated that if the party desires court review of the Medicare Appeals Council's decision, the party may commence a civil action by filing a complaint in the United States District Court for the judicial district in which the party resides or has its principal place of business. (Docket #1-1). The notice directed the party that, if a civil action is commenced, the complaint should name the Secretary of Health and Human Services as the defendant. (Id.). The notice indicated that the Secretary must be served by sending a copy of the summons and complaint by registered or certified mail to the General Counsel, Department of Health and Human Services, 200 Independence Avenue, S.W., Washington, DC 20201. (Id.). The notice also directed the party to serve the United States Attorney for the district in which the complaint is filed and the Attorney General of the United States. (Id.).

On the civil cover sheet, which is attached as exhibit 2 to the complaint, Dr. Egan indicated in the section "Basis of Jurisdiction" that the defendant was the U.S. Government. (Docket #1-2).

On September 4, 2013, Polanowicz moved to dismiss Dr. Egan's complaint under Federal Rule of Civil Procedure 12(b)(6). (Docket #12). A hearing on the matter was held on

October 9, 2013. (Docket #18). At the hearing, Dr. Egan moved to amend his complaint to substitute Kathleen Sebelius, Secretary of the United States Department of Health and Human Services, for Defendant John Polanowicz. On October 9, 2013, the Court granted Polanowicz's motion to dismiss and allowed Dr. Egan's motion to amend. (Docket #19). In its order, the Court emphasized that, although it had allowed the motion to amend, Dr. Egan must still comply with the directives given in the Notice of Decision of Medicare Appeals Council attached as exhibit 1 to his complaint. (Id. at 5).

On December 10, 2013, the Court entered an order requiring Dr. Egan to file an amended complaint with the appropriate substitution by January 10, 2014. (Docket #20). The Court noted that failure to comply with the Order might result in dismissal of the action for failure to prosecute. (Id. at 1). The Court again reminded Dr. Egan that he must also comply with the directives given in the Notice of Decision of Medicare Appeals Council attached as exhibit 1 to his complaint. (Id. at 1-2).

On January 9, 2014, Dr. Egan filed a motion to amend his complaint to substitute Kathleen Sebelius for John Polanowicz. (Docket #21). The Court denied this motion as moot on January 13, 2014, stating that it had already granted Dr. Egan permission to file an amended complaint. (Docket #22). The Court further ordered Dr. Egan "to file an amended complaint in which he substitutes the name 'Kathleen Sebelius, Secretary of the United States Department of Health and Human Services' for that of 'John Polanowicz, Secretary of the Executive Office of Health and Human Services'" by January 31, 2014. (Id. at 1-2). The Court again reminded Dr. Egan that he must also comply with the directives given in the Notice of Decision of Medicare Appeals Council attached as exhibit 1 to his complaint and attached a copy of that exhibit to its order. (Id. at 2).

On February 3, 2014, the Court entered an order requiring Dr. Egan to file his amended complaint by February 21, 2014, and notifying him that failure to do so might result in dismissal of the action for failure to prosecute. (Docket #23).

On February 14, 2014, Dr. Egan filed an amended complaint. (Docket #24). The amended complaint consists of seven pages comprising a letter dated February 10, 2014 addressed to DHHS requesting judicial review of the Federal Medicare Appeals Council, a letter to Medical Personnel dated January 7, 2014, the first three pages of Dr. Egan's original complaint[1], and the original civil cover sheet. (Id.) The amended complaint continues to list John Polanowicz as the defendant. (Id. at 3). DHHS indicates that the amended complaint was delivered to the United States Attorney's Office on February 14, 2014 and to DHHS on February 25, 2014. (Docket #28 at 2). DHHS filed the instant motion on April 14, 2014. (Docket #27).

II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(5), a party may seek to dismiss a complaint for insufficient service of process. A party filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) "is essentially contesting the manner in which process of service was performed." Ramirez de Arellano v. Colloides Naturels Int'l, 236 F.R.D. 83, 85 (D.P.R. 2006). "A plaintiff bears the burden of establishing that proper service or process was accomplished, Saez Rivera v. Nissan Mfg. Co., 788 F.2d 819, 821 n.2 (1st Cir. 1986), without which a federal court lacks personal jurisdiction over a defendant." Fredyma v. Commonwealth of Mass., No. 91-1573, 1992 U.S. App. LEXIS 28770, at *10 (1st Cir. May 12, 1992) (citing Lorelei Corp. v. Cnty. of Guadalupe, 940 F.2d 717, 719 n.1 (1st Cir. 1991)). "[A] dismissal for improper service is without prejudice to refilling the case." Saez, 788 F.2d at 821. However,

---

[1] The final page of the original complaint was not included. This page is entitled "Relief" and includes a demand for a jury trial. (Docket #1 at 4). This same information is contained on page two of the original complaint and on page four of the amended complaint. (See Docket #1 at 2; Docket #24 at 4).

4

> It is well known that the dismissal of the action under Federal Rule of Civil Procedure 12(b)(5) is inappropriate when there is a "reasonably conceivable means" through which service may be obtained and jurisdiction acquired over the defendant. Furthermore, if the first service of process is ineffective, and the defects are curable, the Court should treat a motion to dismiss as a motion to quash service of process in the alternative and retain the case pending effective service.

Ramirez de Arellano, 236 F.R.D. at 85 n.4.

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007). Moreover, because Dr. Egan is a *pro se* plaintiff, this Court is required to "construe liberally" his amended complaint. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). To survive a motion to dismiss, a plaintiff must "state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). Despite this generous standard, "Rule 12(b)(6) is not entirely a toothless tiger . . . [t]he threshold for stating a claim may be low, but it is real." Dartmouth Rev. v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989) (quotation omitted). The complaint must therefore "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988); see also DM Research, Inc. v. Coll. Of Am.

Pathologists, 170 F.3d 53, 55 (1st Cir. 1999) (explaining that the complaint must "allege a factual predicate concrete enough to warrant further proceedings").

Although the complaint need not provide "detailed factual allegations," Twombly, 550 U.S. at 555, it must "amplify a claim with some factual allegations . . . to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157–58 (2d Cir. 2007). Thus, the complaint must provide "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Dismissal is appropriate if a plaintiff's well-pleaded facts do not "possess enough heft to show that [the] plaintiff is entitled to relief." Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

In determining whether a plaintiff has stated an actionable claim, the court "must consider the complaint, documents annexed to it, and other materials fairly incorporated within it." Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 12 (1st Cir. 2004).

III. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The amended complaint was filed on February 14, 2014. (Docket #24). Thus, in order to be timely, the amended complaint must be properly served by June 16, 2014.

Federal Rule of Civil Procedure 4(i) provides that service upon an agency of the United States shall be made by "deliver[ing] a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . [and] send[ing] a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." and by sending a copy of the summons of the complaint by registered or certified mail to the agency.[2] While Dr. Egan has delivered his amended complaint to the United States Attorney's Office and DHHS, Dr. Egan has not delivered the amended complaint to the Attorney General or served a summons. Thus, Dr. Egan has failed to comply with Federal Rule of Civil Procedure 4(i).

Although Dr. Egan has failed to perfect service, the Court finds that the defects in service are curable. Thus, the Court shall treat the motion to dismiss as a motion to quash service in the alternative which it hereby allows. See Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir. 1985) ("Where service of process is insufficient, 'the courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant.'" (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1354, 585 (1969))); Ramirez de Arellano, 236 F.R.D. at 85 n.4. To comply with Federal Rule of Civil Procedure 4(m), Dr. Egan must properly serve DHHS in accordance with Federal Rule of Civil Procedure 4(i) and the Notice of Decision of Medicare Appeals Council attached as exhibit 1 to his initial complaint by June 16, 2014. In order to properly serve DHHS, Dr. Egan must file an additional amended complaint, pursuant to Federal Rule of Civil Procedure 15, prior to service which

---

[2] DHHS incorrectly cites to Federal Rule of Civil Procedure 4(d)(4) for the proper standard for serving the United States and its agencies rather than Federal Rule of Civil Procedure 4(i).

names as a defendant the Secretary of the United States Department of Health and Human Services.[3]  Failure to do so, absent good cause, will result in dismissal of the amended complaint.

At this time, the Court denies the motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  This Order does not preclude DHHS from moving to dismiss at a later date if warranted.  Dr. Egan has not effected service on DHHS nor has DHHS waived service for purposes of this argument.  The amended complaint does not name DHHS as a defendant.  Any decision on a motion to dismiss a complaint against DHHS would be premature.

IV. CONCLUSION

For the foregoing reasons, DHHS's motion to dismiss (Docket #27) is hereby DENIED.  However, the Court treats the motion to dismiss as a motion to quash in the alternative.  The motion to quash (Docket #27) is hereby ALLOWED.

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

[3] As Dr. Egan is undoubtedly aware, Secretary Sebelius resigned in April 2014.  Plaintiff should take whatever steps are necessary to name the correct party.